Jonathan Baker (Bar No. 196062)
jbaker@farneydaniels.com
Gurtej Singh (Bar No. 286547)
tsingh@farneydaniels.com
**FARNEY DANIELS PC**
411 Borel Ave., Suite 350
San Mateo, CA 94402
Telephone: (424) 268-5200
Facsimile: (424) 268-5219

Attorneys for Plaintiff
GORDIUM INNOVATIONS LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>XIRRUS, INC.,<br><br>Defendant. | Civil Case No. _____<br><br>**PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**<br><br>JURY TRIAL DEMANDED |

Plaintiff Gordium Innovations LLC, for its Complaint against Defendant Xirrus, Inc., alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

## THE PARTIES

2. Plaintiff Gordium Innovations LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3. Upon information and belief, Defendant Xirrus, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 2101 Corporate Center Drive, Thousand Oaks, California, 91320, and a registered agent for service of process at Robert Day, 6580 Page Mill Road, Palo Alto, CA 94304.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Defendant is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted business and systematic business contacts in this state, including maintaining its principal place of business in this District and its organization under the laws of the State of California.

6. Defendant has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On February 24, 2004, U.S. Patent No. 6,697,385, entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

10. Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under the

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT     2     CASE NO.

'385 Patent and the right to any remedies for its infringement.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District, networking devices providing data prioritization features as claimed in one or more claims of the '385 Patent ("the Accused Products and Services"), without the authority of Gordium. For example, the Accused Products and Services receive delay control signals in the form of priority bits, or 3-bit fields within Ethernet frame headers, in inbound packets. While a packet is not being transmitted, these products use the priority bits to configure delays for sending received packets, utilizing priority queues and a transmission selection algorithm (e.g., strict priority queuing).

12. The Accused Products and Services include, but are not limited to, the XT-5024, XT-5048, XT-5003, XR-520, XR-620, XR-630, XR-2005 series (including XR-2225, XR-2235, XR-2425, and XR-2435), XR-4000 series (including XR-4420, XR-4430, XR-4820, XR-4830, XR-4426, XR-4436, XR-4826, and XR-4836), XR-6000 series (including XR-6820, XR-6830, XR-7620, and XR-7630), XR-520H, and XR-2425 switches and access points.

13. Gordium provided actual notice to Defendant of its infringement of the '385 Patent in a letter sent by certified mail on December 5, 2014. The letter informed Defendant that the Accused Products and Services appeared to directly infringe the '385 Patent, and identified the relevant features of the Accused Products and Services. The December 5th letter also informed Defendant that Defendant's actions, including advertising, marketing, and providing instruction manuals and materials, induced others to infringe the '385 patent and cited at least one specific example. A copy of the December 5th letter is attached hereto as Exhibit B to this Complaint.

14. Defendant has had actual knowledge of the '385 Patent at least the

date it received Gordium's December 5th letter.

15. Upon information and belief, Defendant engaged in the actions described in paragraph 11 of this Complaint with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '385 Patent and that its acts were infringing the '385 Patent since at least the date it received the notice letter from Gordium notifying Defendant that its products and services infringed the '385 Patent.

16. Upon information and belief, Defendant has induced and continues to induce others to infringe one or more claims of the '385 Patent under § 271(b) by, among other things, with specific intent, actively and knowingly, since at least as of the date it received Gordium's December 5th letter, aiding and abetting others to infringe, including, but not limited to, Defendant's customers and other users, whose use of the Accused Products and Services constitutes direct infringement of one or more claims of the '385 Patent. In particular, Defendant acted and continues to act with specific intent to make others, such as its customers, infringe by advertising and selling products and providing instruction manuals showing infringing uses of the products and services. For example, in Xirrus' Application Note for Voice over Wi-Fi, Xirrus advertises its products' support for 802.1p as part of its system to ensure that voice packets "receive the preferential treatment they require." Xirrus' datasheets and user manuals for the Accused Products and Services also inform Xirrus' customers and end-users of the products' infringing features by describing the products' capability for delaying traffic using Class of Service priority queues. On information and belief, since the time it received Gordium's December 5th letter informing it that it was inducing its customers and users to infringe the '385 Patent, Defendant engaged in, and continues to engage in, such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

17. Because of Defendant's infringing activities, Gordium has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gordium demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against Defendant as follows:

A. an adjudication that Defendant has infringed the '385 Patent;

B. an award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. an order that Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. an award to Gordium of such further relief at law or in equity as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: January 8, 2015 | Respectfully, |
| 2 | | |
| 3 | | */s/ Jonathan Baker* |
| | | Jonathan Baker (Bar No. 196062) |
| 4 | | jbaker@farneydaniels.com |
| | | Gurtej Singh (Bar No. 286547) |
| 5 | | tsingh@farneydaniels.com |
| 6 | | **FARNEY DANIELS PC** |
| | | 411 Borel Ave., Suite 350 |
| 7 | | San Mateo, CA 94402 |
| | | Telephone:  (424) 268-5200 |
| 8 | | Facsimile:  (424) 268-5219 |
| 9 | | |
| 10 | | *Attorneys for Plaintiff* |
| | | *Gordium Innovations LLC* |

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT              6              CASE NO.